NATIONWIDE GENERAL INSURANCE COMPANY *et al.*, Plaintiffs-Appellants, v. NATHANIEL S. SHAPO, Director of the Department of Insurance, *et al.*, Defendants-Appellees.

Fourth District   No. 4—01—0524

Argued January 24, 2002.—Opinion filed April 10, 2002.

Richard Bromley, R. Lee Christie, Mary Kay M. Martire (argued), Tracy D. Williams, and Jason A. Bremer, all of Foley & Lardner, of Chicago, for appellant Colonial Life & Accident Insurance *et al.*

Jeffrey P. DeJong, Iain D. Johnston (argued), and Andrea R. Harmon, all of Altheimer & Gray, of Chicago, and Robert E. Wagner, Assistant Attorney General, of Springfield, for appellees.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiffs, foreign insurance companies, appeal the May 2001 order of the Sangamon County circuit court dismissing their consolidated complaints for administrative review, which plaintiffs filed after defendants, the Illinois Department of Insurance (Department), Nathaniel S. Shapo, Director of the Department (Director), and Robert Enoex, chief counsel of the Department, notified them the Director

has no statutory authority to authorize refunds of privilege taxes plaintiffs paid. We affirm.

## I. BACKGROUND

Plaintiffs are all insurance or surety companies incorporated under the laws of states other than Illinois. As foreign companies, they were subject to an annual tax of 2% of net taxable premium income, which was imposed by section 409 of the Illinois Insurance Code (Insurance Code) (215 ILCS 5/409 (West 1996)) for the privilege of doing business in Illinois (privilege tax). Foreign companies may also be required to pay additional tax if the laws of their state impose greater taxes on Illinois companies doing business in their state (retaliatory tax). 215 ILCS 5/444, 444.1 (West 1996).

In *Milwaukee Safeguard Insurance Co. v. Selcke*, 179 Ill. 2d 94, 104-05, 688 N.E.2d 68, 73 (1997), the Supreme Court of Illinois held section 409 of the Insurance Code (215 ILCS 5/409 (West 1996)) violated the uniformity clause of the Illinois Constitution (Ill. Const. 1970, art. IX, § 2). Relying on the holding in *Milwaukee Safeguard* and on section 412(1) of the Insurance Code (215 ILCS 5/412(1) (West 1996)), plaintiffs tendered amended annual privilege tax returns to the Department, requesting refunds of privilege taxes paid from 1991 to 1997. Plaintiffs paid these taxes without protest. Section 412(1) provides:

> "Whenever it appears to the satisfaction of the Director that because of some mistake of fact, error in calculation, or erroneous interpretation of a statute of this or any other state, any authorized company has paid to him pursuant to any provision of law, taxes, fees[,] or other charges in excess of the amount legally chargeable against it, during the 6[-]year period immediately preceding the discovery of such overpayment, he shall have power to refund to such company the amount of the excess or excesses by applying the amount or amounts thereof toward the payment of taxes, fees[,] or other charges already due, or which may thereafter become due from that company until such excess or excesses have been fully refunded, or, at his discretion, to make a cash refund." 215 ILCS 5/412(1) (West 1996).

Following plaintiffs' requests, Enoex informed each plaintiff the Director is not authorized to provide refunds under section 412 on the basis taxes were paid under an invalid law. In Sangamon County circuit court, plaintiffs made timely complaints for administrative review following each of the Department's decisions. In October 2000, defendants filed a motion to dismiss. The circuit court allowed defendants' motion to consolidate the cases, but each case retained a separate record on review. In February 2001, the circuit court allowed

defendants' motion to dismiss. In March 2001, plaintiffs filed a motion to reconsider, which the circuit court denied in May 2001. This appeal followed.

## II. ANALYSIS

### A. Whether Section 412(1) Applies

Plaintiffs first contend they are entitled to refunds of overpaid privilege taxes under the plain meaning of section 412(1) of the Insurance Code because they erroneously interpreted section 409 of the Insurance Code to be valid and in force. The Director argues section 412(1) has never provided a refund based on the unconstitutionality of a statute. The Director has maintained this interpretation since 1988 and has recently incorporated it into a regulation. See 50 Ill. Adm. Code § 2525.50(b)(4) (West CD-ROM May 1999) (effective December 21, 1998).

■ Generally, statutory construction is a matter of law and is considered *de novo* on review. *People v. Slover*, 323 Ill. App. 3d 620, 623, 753 N.E.2d 554, 557 (2001). We are not bound by an administrative agency's interpretation of a statute; however, we defer to the reasonable interpretation placed on a statute by the agency charged with its administration and enforcement. *Morse v. Department of Professional Regulation*, 316 Ill. App. 3d 664, 667, 737 N.E.2d 678, 680 (2000). The consistency and duration of the agency's interpretation are factors bearing on the deference to be given to the agency's interpretation. *Schober v. Young*, 322 Ill. App. 3d 996, 1001, 751 N.E.2d 610, 614 (2001).

■ We agree with the Director's consistent, long-standing, and reasonable construction of section 412(1), which statute is unambiguous: an erroneous interpretation of a statute does not include a finding of unconstitutionality of the statute in question.

No erroneous interpretation of a statute occurs when a taxpayer pays, and the Director collects, a tax pursuant to a statute later declared void because of a separate constitutional limitation. The fact the taxpayer complies with, and the Director enforces, an invalid statute as written does not mean either the taxpayer or the Director misconstrued the meaning of any word in the statute, *i.e.*, erroneously interpreted it. See 2A N. Singer, Sutherland on Statutes and Statutory Construction § 45.04, at 24 (6th ed. 2000) ("interpretation" determines the meaning of words).

■ Plaintiffs also urge us to construe section 412(1) to reach an equitable result and avoid allowing the State to retain illegally collected taxes. However, equity does not demand a refund because plaintiffs had a remedy but failed to pursue it: they could have chal-

lenged the unconstitutional privilege tax by paying it under protest. See 30 ILCS 230/2a (West 1996).

Therefore, incorrectly determining the constitutionality of section 409 is not an "erroneous interpretation" of that statute for the purpose of section 412(1). Under the plain meaning of section 412(1), plaintiffs are not entitled to a refund of unconstitutional taxes paid without protest.

We also reject plaintiffs' assertion the Director's possible misinterpretations of section 409 and section 444 in other litigation entitles them to section 412(1) refunds here. Nothing in the record showed plaintiffs paid unconstitutional privilege taxes because *they* misconstrued any statutory word or phrase. Section 412(1) requires a causal link between the erroneous interpretation and the tax payment. See 215 ILCS 5/412(1) (West 1996) (*"because of* some *** erroneous interpretation of a statute ***, any authorized company *has paid* *** taxes *** in excess of the amount legally chargeable against it"* (emphasis added)).

We determine the Director did not err in refusing to apply section 412(1) to plaintiffs' privilege-tax refund claims.

### B. Whether an Unconstitutional Bait and Switch Occurred

■ Plaintiffs next assert the Department violated their due process rights with an unconstitutional "bait and switch," which involves withdrawing "what plainly appear[s] to be a 'clear and certain' post-deprivation remedy, in the form of [a] tax refund statute" in favor of an alternative procedure, effectively leaving no remedy. See *Reich v. Collins*, 513 U.S. 106, 111, 130 L. Ed. 2d 454, 459, 115 S. Ct. 547, 550 (1994). The Director argues Illinois did not "bait" plaintiffs into paying without protest because section 412(1) was never a clear and certain remedy for a postpayment refund of unconstitutional taxes. We agree with the Director.

Plaintiffs primarily rely on a March 7, 1988, letter from the Director, denying an unrelated request for a privilege-tax refund based on the unconstitutionality of section 409 and section 444. In the letter, the Director disagreed with the alleged constitutionality but additionally stated it:

> "would not form the basis by which our Department of Insurance could order a refund of taxes or fees. Section 412 of the Illinois Insurance Code is interpreted by the Department of Insurance as not providing a statutory basis for a refund of premium taxes where the unconstitutionality of a statute is the basis for the requested refund, and where no constitutional challenge to such statute has been upheld in any Illinois court of competent jurisdiction at the time of payment of the premium taxes."

The letter concluded, "Since [s]ection 412 governs requests for refunds such as yours, your request for a refund is denied." Contrary to plaintiffs' claim, the Director's letter did not concede section 412(1) provides a refund of unconstitutional taxes. Plaintiffs' negative inference is not supported by the letter's final line because it only generally states section 412 governs refund requests.

Judge Shiffman's March 1, 1993, memorandum opinion finding section 409 to be unconstitutional (Melhan v. Illinois, No. 88—L—134 (Cir. Ct. Sangamon Co.)) does not support plaintiffs' argument, either. That circuit court decision, which was vacated after the parties settled and does not mention section 412, stated its finding of unconstitutionality "does not resolve the refund question."

These examples fail to support plaintiffs' contention section 412(1) was a "clear and certain" remedy for refunding unconstitutional taxes. We find no violation of plaintiffs' due process rights by any unconstitutional "bait and switch."

### III. CONCLUSION

For the reasons stated, we affirm the circuit court's judgment.

Affirmed.

COOK and STEIGMANN, JJ., concur.